**FILED**

**August 9, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:15 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Sandra Valentine,<br>　　　　Employee, | ) Docket No.: 2016-08-0288<br>) |
| v. | ) State File No.: 1969-2016 |
| Kellogg Companies,<br>　　　Self-Insured Employer. | )<br>) Judge Jim Umsted<br>) |

## EXPEDITED HEARING ORDER
## DENYING REQUESTED BENEFITS

This case came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, Sandra Valentine, under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether the employer, Kellogg Companies, must provide a panel of psychiatrists and temporary disability benefits for Ms. Valentine's alleged work-related mental injury. The central legal issue is whether Ms. Valentine can demonstrate a likelihood of success at a trial on the merits of these issues. For the reasons set forth below, the Court holds Ms. Valentine is unlikely to succeed at a hearing on the merits in proving entitlement to a panel of psychiatrists and temporary disability benefits.

### History of Claim

The following facts were established at the Expedited Hearing held on August 2, 2016. Ms. Valentine is a forty-six-year-old resident of Shelby County, Tennessee. She began working as a production operator for Kellogg in 2007. On September 12, 2014, Ms. Valentine sustained a work-related injury to her left hand after slipping on a wet floor.[1] She filed a complaint with the Tennessee Division of Occupational Safety and Health (TOSHA) due to the hazardous condition that allegedly caused her fall. Thereafter, on or about November 3, 2015, Ms. Valentine had an emotional breakdown at work that she related to pain from her compensable hand injury as well as to alleged

---

[1] Ms. Valentine claimed the mental injury for which she currently seeks benefits relates back to her September 12, 2014 work injury. However, the Petition for Benefit Determination and Dispute Certification Notice before this Court list the date of injury as November 10, 2015.

1

harassment and disparate treatment by Kellogg management after she filed the TOSHA complaint.

Ms. Valentine testified about multiple incidents, including several unfounded warnings against her for violation of company rules, which demonstrated the hostile work environment she claimed to endure after filing her workers' compensation claim and TOSHA complaint in 2014.[2] She also testified about the hand pain and swelling she continued to experience since her September 12, 2014 work injury. According to Ms. Valentine, no one particular incident caused her mental breakdown. Instead, she indicated it was a combination of her physical injury and the cumulative episodes of harassment that led to her mental injury. Ms. Valentine stated she never received a panel of psychiatrists or an authorized physician from Kellogg to obtain help for her mental injury. She admitted, however, that neither Dr. Owen Tabor, Jr. nor Dr. Christian Fahey, her authorized physicians for her hand injury, referred her for psychological or psychiatric services. While she did seek help through Kellogg's Employee Assistance Program with licensed clinical social worker Shelia Blevins-Crisler, she advised she continued to experience depression and memory issues due to the mental injury and asked the Court to order continued care.

Kellogg presented no competing testimony to oppose Ms. Valentine's description of the harassment she endured at work. Instead, it simply argued she had not met her burden of proving a mental injury as defined by the Tennessee Workers' Compensation Law. In particular, it argued Ms. Valentine could not point to one identifiable incident that led to her mental injury. It further contended that Ms. Valentine never received a referral for psychiatric or psychological services from any of her treating physicians for her hand injury.

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

Ms. Valentine need not prove every element of her claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Ms. Valentine of the burden of

---

[2] Ms. Valentine called two witnesses, Pamela Ewing and Ira Jones, to testify to the incidents of harassment they witnessed her endure at the hand of Kellogg management.

producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether she met her burden, the Court will not remedially or liberally construe the law in her favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Ms. Valentine nor Kellogg. *See* Tenn. Code Ann. § 50-6-116 (2015).

*Claim for Mental Injury*

In the present case, this Court must first address whether Ms. Valentine is likely to succeed at a hearing on the merits regarding her claim for mental injury. Tennessee Code Annotated section 50-6-102(17) (2015) defines two types of mental injuries. The first type must arise "primarily out of a compensable physical injury," and the second type must arise "primarily out of . . . an identifiable work related event resulting in a sudden or unusual stimulus, and shall not include a psychological or psychiatric response due to the loss of employment or employment opportunities."

At the Expedited Hearing, Ms. Valentine identified two possible causes of her alleged mental injury. First, she claimed her mental injury arose out of an earlier hand injury, which Kellogg previously accepted as a compensable injury.[3] However, Ms. Valentine presented no medical evidence showing that her alleged mental injury arose primarily out of her compensable hand injury as required by Tennessee Code Annotated section 50-6-102(17) (2015).[4] Furthermore, Tennessee Code Annotated section 50-6-204(h) (2015) provides all psychological or psychiatric services shall be rendered only by psychologists or psychiatrists and shall be limited to those ordered upon the referral of authorized physicians. Ms. Valentine identified Dr. Owen Tabor and Dr. Christian Fahey as her authorized treating orthopedic physicians for her hand injury, and she testified that neither Dr. Tabor nor Dr. Fahey referred her for psychological or psychiatric services. Consequently, this Court finds Ms. Valentine has not shown her mental injury primarily arose out of her September 12, 2014 hand injury or that a referral for psychological or psychiatric services under Tennessee Code Annotated section 50-6-204(h) (2015) was ever made.

---

[3] While the Court notes Ms. Valentine's hand injury claim is the subject of an earlier-filed PBD, which is not before this Court, it further notes Ms. Valentine alleged that her mental injury was causally related to the hand injury in the current PBD.

[4] Ms. Valentine submitted a letter from clinical social worker Shelia Blevins-Crisler, which indicated that Ms. Valentine's "severe distress" was a "direct result of her work-related injury during a slip and fall in an employee restroom on September 12, 2014." However, as Ms. Blevins-Crisler is not a physician, her causation opinion is not medical proof.

3

Regarding the second possible cause of her alleged mental injury, Ms. Valentine claimed that Kellogg engaged in a pattern of work harassment against her for a period of months, causing her to suffer mental stress. She testified the harassment included several unfounded warnings against her for violation of company rules. She alleged this harassment was in retaliation for filing a TOSHA complaint against Kellogg, alleging unsafe work conditions, and asserted this harassment resulted in her mental breakdown in early November 2015. Ms. Valentine testified she could not identify any one particular event that caused her mental injury, but stated all of the harassment at work over a period of several months caused it. The Tennessee Supreme Court in *Gatlin v. Knoxville*, 822 S.W.2d 587, 591-92 (Tenn. 1991), examined a similar mental injury statute under earlier law and determined "for a mental injury by accident . . . to arise out of employment, it must be caused by an identifiable stressful, work-related event producing a sudden mental stimulus such as fright, shock or excessive unexpected anxiety, and therefore it may not be gradual employment stress building up over a period of time." The Court finds that Ms. Valentine has not shown an identifiable "sudden or unusual stimulus" that could be the cause of her alleged mental injury, as required by Tennessee Code Annotated section 50-6-102(17) (2015).

Based upon the evidence and these legal principles, the Court holds Ms. Valentine presented insufficient evidence for this Court to determine she is likely to prevail at a hearing on the merits regarding her claim for mental injury. This decisive issue having been determined, the Court need not rule on any other issues. Accordingly, it is the Court's determination Ms. Valentine is not entitled to the requested benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Valentine's claim against Kellogg for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for a Status Conference on October 17, 2016, at 10:00 a.m. Central time.

**ENTERED this the 9th day of August, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Ms. Valentine's Affidavit;
2. Written statement of Roosevelt Bowers (for identification only);
3. Written statement of Irene Strickland (for identification only);
4. Written statement of Ira Jones (for identification only);
5. Form C-20 Employer's First Report of Work Injury or Illness;
6. Kellogg's Incident Report;
7. Kellogg's Incident Report with handwritten notes and Ms. Valentine's written statement;
8. Email correspondence between Ms. Valentine and adjuster Katherine Morrison, dated between November 20, 2015, and March 9, 2016;
9. Denial letter from Corvel;
10. Photographs of Ms. Valentine's left hand injury;
11. Photographs of accident scene where Ms. Valentine injured her left hand;
12. Texts between Ms. Valentine and Kellogg's nurse Pamela Ewing, dated between April 6, 2015, and November 11, 2015 (for identification only);
13. Grievance forms, dated November 3, 2014; November 21, 2014; March 11, 2015; July 28, 2015; November 4, 2015; and November 13, 2015;
14. Employee Disciplinary & Coaching Action forms, dated September 23, 2014; September 25, 2014; January 23, 2015; January 26, 2015; and March 6, 2015;
15. Documentation related to TOSHA investigation of Complaint #923484;
16. Portions of Kellogg's Operational Practices;
17. Email correspondence from Kellogg's nurse Pamela Ewing to Kellogg's managers, supervisors, and security, dated November 4, 2015;
18. Facsimile correspondence from Ms. Valentine top adjuster Katherine Morrison, forwarding medical bills from Southern Hand, Baptist Memorial Collierville, and Dr. Steven Creasy;
19. Medical record from Baptist Memorial Hospital for date of service July 16, 2015;
20. Dr. Christian Fahey's Final Medical Report and QuickDash report;
21. Medical records from Methodist Healthcare for dates of service November 2, 2015, and November 10, 2015;
22. Return to Work slip from Family Practice, dated November 11, 2015;
23. Medical records from Tabor Orthopedics for dates of service November 17, 2014; November 26, 2014; December 1, 2014; and December 4, 2014; and
24. Correspondence from Clinical Social Worker Shelia Blevins-Crisler, dated December 31, 2015.

Technical Record:[5]
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Kellogg's list of additional defenses and issues to be included on DCN;
4. Request for Expedited Hearing;
5. Ms. Valentine's handwritten position statements;
6. Kellogg's Response to Request for Expedited Hearing.

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the  9th  day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Sandra Valentine, Employee | | | X | valentinesl@hotmail.com |
| Thomas J. Smith, Employer's Attorney | | | X | tjs@spicerfirm.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov